UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | June 22, 2016 |
|---|---|---|---|
| Title | ComAv, LLC, *et al.* v. Southern California Logistics Airport Authority, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order DENYING Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order

Before the Court is Plaintiffs' *ex parte* application for a temporary restraining order ("TRO"). *See* Dkt. # 13 ("Mot."). Having considered the moving and opposing papers, the Court DENIES the application.

The law on *ex parte* applications is well-settled in this circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Plaintiffs' *ex parte* application fails because Plaintiffs have not shown that they are without fault in creating the crisis requiring *ex parte* relief. Although Plaintiffs frame Defendants' June 1, 2016 letter as an eviction notice, Plaintiffs knew that their sublease would be coming to an end on June 30, 2016 and waited until June 17, 2016 to file an *ex parte* application asking the Court for extraordinary relief. *See* Dkt. # 1 Ex. C. Plaintiffs' application itself admits that Plaintiffs attempted to negotiate a new lease a year ago, at which point Defendants made clear that they would be marketing the hangar publicly. *See* Mot. 8:25-9:5. Even if Plaintiffs were hoping that Defendants would change their mind, Plaintiffs concede that by February, 2016, they had made numerous phone calls and written numerous letters to Defendants asking for a counter-offer and that Defendants had still not responded to Plaintiffs' request. *See id.* at 9:5-6. It was Plaintiffs' choice to wait until less than two weeks before their sublease terminates to seek recourse. Because they are at least partially responsible for the crisis requiring *ex parte* relief, Plaintiffs' *ex parte* application is DENIED.

**IT IS SO ORDERED.**