UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order GRANTING Defendants Southern California Logistics Airport Authority and City of Victorville's Motion to Dismiss and Rendering MOOT Defendants Pratt & Whitney Line Maintenance, et al.'s Motion to Dismiss**

Before the Court is Defendants Southern California Logistics Airport Authority and City of Victorville's ("Defendants") motion to dismiss Plaintiffs ComAv LLC and ComAv Technical Services LLC's ("Plaintiffs") First Amended Complaint. Dkt. # 66 ("Motion"). Also before the Court is co-defendants Pratt & Whitney Line Maintenance, United Technologies Corp., and United Technologies Realty's (together, "Pratt") motion to dismiss Plaintiffs' second, third, fourth and fifth claims in the First Amended Complaint. Dkt. # 53 ("Pratt Motion"). Co-defendant Pacific Aerospace Resources & Technologies, LLC ("PART") joins in Defendants' Motion and portions of the Pratt Motion. Dkts. ## 45, 57. The Court heard oral argument on December 12, 2016. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing and reply papers, as well as the arguments presented at the hearing, the Court GRANTS Defendants' Motion and renders MOOT the Pratt Motion.

I.      Background

Plaintiffs ComAv, LLC ("ComAv") and its affiliate ComAv Technical Services ("CTS") are a fixed-based operator that provides maintenance services for large commercial aircraft. Dkt. #32, *First Amended Complaint* ("FAC"). Plaintiffs have been tenants in various facilities at Southern California Logistics Airport ("the Airport") for eighteen years. *Id*. ¶ 2. Defendant Pratt subleased Hangar 681 ("Hangar 681") directly from the Airport and subsequently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | | Date | March 2, 2017 |
|---|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | | |

subleased it to CTS' predecessor, Southern California Aviation ("SCA") in July of 2011.[1] *Id* ¶ 25. The original sublease was amended and restated in May of 2013 ("CTS Sublease"), with a lease expiration date of June 30, 2016 ("Termination Date"). *Id.* ¶ 25, 48; *FAC*, Ex. B. The crux of Plaintiffs' complaint is that Defendants Southern California Logistics Airport Authority ("Airport Authority"), City of Victorville, California ("City"), and Pratt have attempted in bad faith to terminate the CTS Sublease without fulfilling their legal obligation to negotiate with CTS for renewal of the sublease. *FAC* ¶ 2. Plaintiffs allege they have faithfully performed all of their obligations under the sublease and that under federal laws and regulations, Defendants are obligated to negotiate on reasonable and equitable terms with aeronautical service providers. *Id.* ¶ 2, 6. Instead, Defendants have allegedly ignored Plaintiffs' year-long efforts to negotiate either an extension of the CTS sublease or a new lease directly with the Airport. *Id.* In support, the FAC presents the following facts:

In June of 2015, approximately one year prior to the expiration of the lease between Pratt and the Airport Authority (hereinafter, "Master Lease"), Plaintiffs submitted a written inquiry to Defendants about leasing Hangar 681. *Id.* ¶ 37. After Defendants responded that Hangar 681 would be marketed publicly, Plaintiffs made an offer for a sublease renewal. *Id.* In February of 2016, Defendants sent a letter to Plaintiffs informing them that their offer of $.70 per square foot was far below the asking price of $1.25 per square foot; that the Airport required verification of Plaintiffs' creditworthiness before it could enter into negotiations, and alerted Plaintiffs once again that Hanger 681 was being marketed to outside interests. *Id.* ¶ 39. In March of 2016, Plaintiffs sent a letter to Defendants, complaining of the lack of progress in negotiations and requesting a formal response or counteroffer. *Id.* ¶ 40. In response, the City referred Plaintiffs to Defendants' February 2016 letter as a rejection of Plaintiffs' offer, reiterated the asking price of $1.25 per square foot, and directed Plaintiffs to further communicate with Defendants' realtor. *Id.* ¶ 41. Defendants' realtor then contacted ComAv's Executive Vice President, indicating that, prior to proceeding with a counterproposal, Defendants had to review Plaintiffs' financial conditions, thereby requesting "the last three years of 'audited' financial reports," a current balance sheet, and an income statement. *Id.* ¶ 42. Plaintiffs supplied the requested financial information with the exception of the audited reports on grounds that "they were not immediately available." *Id.* ¶ 44. In late April of 2016, Defendants sent a letter to Plaintiffs requesting more financial information on grounds that "the data previously received did not constitute 'financial statement received and prepared by a CPA, akin to an audit.'" *Id.* ¶ 46. The letter further informed Plaintiffs that a counteroffer would not be made until the next meeting of the Airport's Board of Directors. *Id.*

---

[1] At some point unspecified in the FAC, SCA assigned its interest in the sublease to CTS. *FAC* ¶ 40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

It appears from the FAC that, by late May of 2016, Plaintiffs were contemplating filing an administrative complaint with the Federal Aviation Administration ("FAA"). *Id.* ¶ 47. In a letter dated May 24, 2016, the Airport Authority agreed not to challenge Plaintiffs' proceedings before the FAA as a "critical precursor to productive negotiation," and again notified Plaintiffs that they were "entertaining other proposals" for Hangar 681. *Id.* ¶ 47.

On June 1, 2016, Pratt sent notice to Plaintiffs to vacate Hangar 681 by June 30, pursuant to the CTS Sublease. *Id.* ¶ 48. On June 7, 2016, Plaintiffs submitted to the FAA a "Complaint and Request for Investigation Pursuant to 14 C.F.R. Part 16" ("Part 16 Complaint") against the Airport Authority, alleging violations of several grant assurances under 49 U.S.C. § 47107. *Id.* ¶ 50. Specifically, Plaintiffs' Part 16 Complaint alleges:

(1) violation of 49 U.S.C. § 47107(a)(1)-(6) and Grant Assurance 22 (economic discrimination), based on the Airport Authority's "demand for a lease rate vastly in excess of that applicable to the other Airport incumbents using similar facilities for a similar purpose, and its refusal to negotiate terms for a renewal of ComAv's lease." Dkt. #66, Ex. A, *FAA Complaint* ¶ 11(a).

(2) violation of 49 U.S.C. §§ 40103(e), 47107(a)(4), and Grant Assurance 23 (exclusive rights), which prohibits the grant of any aeronautical service provider of an "exclusive right" to do business on the Airport. *Id.* ¶ 11(b). Plaintiffs allege that the grant of the lease to PART for Hangar 681 created an "exclusive right" because PART is Plaintiffs' only competitor at the airport providing similar services. *Id.*

(3) violation of 49 U.S.C. §§ 47107(b), 47133(a), 47107(1)(2)(a) and Grant Assurance 25 (airport revenues), which require the Airport Authority "to expend all revenues generated by the airport and local taxes on aviation fuel for airport purposes." *Id.* ¶ 11(c). Plaintiffs allege that the Airport Authority raised rental rates "for the sole purpose of compensation for the improper diversion of Airport revenues to outside management companies." *Id.*

On June 21, 2016, Plaintiffs learned that the Airport Authority awarded the lease of Hangar 681 to PART for the amount of $1.05 per square foot. *Id.* ¶ 3. One week later, Plaintiffs filed this action in district court. Dkt. # 1. On July 8, 2016, Plaintiffs filed their FAC, asserting the following claims: (1) violation of 42 U.S.C. § 1983 based on procedural and substantive due process violations (against the Airport Authority and City); (2) intentional interference with prospective economic advantage (against all defendants); (3) negligent interference with prospective economic advantage (against all defendants); (4) breach of covenant of good faith

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

and fair dealing (against Pratt); (5) declaratory relief (against all defendants); and (6) injunctive relief (against all defendants). *FAC*.

Defendants Airport Authority and City move to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or in the alternative, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Motion* 2. Defendant Pratt brings its own motion to dismiss claims two, three, four and five in the FAC under Fed. R. Civ. P. 12(b)(6). *Pratt Motion*. Defendant PART joins in both motions. Dkts. ## 45, 57. After the hearing on December 12, 2016, the Court ordered supplemental briefing on the question of whether Plaintiffs had a constitutionally protected property interest to support their claim of substantive and procedural due process violations under 42 U.S.C. § 1983. *See* Dkt. # 73. All motions and the supplemental briefs are now before the Court. *See also* Dkts. # 75, 76, 77.

II.     Legal Standard

    A.    Rule 12(b)(1)

Federal courts are courts of limited jurisdiction with no "inherent" subject matter jurisdiction; they can adjudicate only those cases that the Constitution and Congress empower them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Accordingly, the lack of subject matter jurisdiction can be raised at any time; it cannot be waived and the Court is obliged to address the issue on its own motion. *See* Fed. R. Civ. P. 12(h)(3). Once subject matter jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    B.    Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067–68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

III.   Discussion

The Court first addresses Defendants' argument that the FAC should be dismissed on grounds that the Court lacks subject matter jurisdiction over Plaintiffs' claims. Concluding that jurisdiction over Plaintiffs' claims does indeed exist, the Court next considers Defendants' argument that Plaintiffs' have failed to state a plausible claim under § 1983. Finding this argument meritorious, the Court considers whether it should continue to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, given that Plaintiffs' federal question claim is no longer present. In its discretion, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and accordingly dismisses the FAC in its entirety.

A.   Lack of Subject Matter Jurisdiction under 12(b)(1)

Defendants' predominant argument in support of their motion to dismiss is that the Court lacks subject matter jurisdiction over Plaintiffs' claims. *Motion* 2. Defendants argue that Plaintiffs' claims fall under the exclusive jurisdiction of the FAA because they are premised on the Airport Authority's alleged violations of federal grant assurances. *Id.* at 3.

Governed by the Airport and Airway Improvement Act of 1982 ("AAIA"), grant assurances are conditions to federal funding that are binding upon an airport sponsor that applies for a grant under the FAA's Airport Improvement Program. *New York Airlines. Inc. v. Dukes County*. 623 F. Supp. 1435 (D. Mass. 1985) ("In enacting the [AAIA], Congress intended to benefit air carriers by imposing a requirement on airport operators that carriers be subject to nondiscriminatory and substantially comparable treatment."). Federal courts have considered and decided that the AAIA provides no private cause of action for providers of aeronautical services, such as Plaintiffs, to recover for alleged breaches of federal grant assurances. *See Northwest Airlines. Inc. v. County of Kent, Mich.*, 955 F.2d 1054, 1058–59 (6th Cir. 1992) (noting that, based on prior federal cases and the language of the AAIA, "Congress intended that there would be no private right of action under [AAIA]"); *see also New England Legal Foundation v. Massachusetts Port Authority*. 883 F.2d 157, 169–70 (1st Cir. 1989) (no private right of action exists under the AAIA because the statute requires administrative resolution by the Secretary of Transportation). Rather, the AAIA grants exclusive jurisdiction to the FAA to enforce compliance with grant assurances. 49 U.S.C. §§ 47122(a) and 41711(f); *Four T's, Inc. v. Little Rock Mun. Airport Comm'n*, 108 F.3d 909, 915–16 (8th Cir.1997) ("Courts interpreting § 47107 [grant assurances] have uniformly held that airport users have no right to bring an action in federal court claiming a recipient airport's violation of the § 47107 grant assurances until that claim has been raised with the FAA."). Once the FAA has ruled on the claims, a plaintiff may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

appeal to the United States Courts of Appeals for judicial review. *See* 14 C.F.R. § 16.247; 46 U.S.C. § 46110©.

Pursuant to this statutory scheme, Defendants argue, and Plaintiffs agree, a district court lacks jurisdiction over a complaint that alleges violations of federal grant assurances under the AAIA. *Motion*; *see also* Dkt. #69 ("Opp."). The parties disagree, however, whether Plaintiffs' FAC does precisely that.

While no violations of grant assurances are presented on the face of Plaintiffs' FAC, Defendants nonetheless argue that Plaintiffs' claims are predicated on violations of grant assurances and that the similarity of facts in this action and that before the FAA supports such a finding. *Motion* 3–4. Defendants insist that Plaintiffs' claims "are nothing more than causes of action based on alleged grant assurances violations that have been dressed up in a new set of clothes." *Id.* at 14.

Plaintiffs vehemently oppose this characterization, arguing that the claims presented in the FAC are not aimed at enforcing federal aviation policy, but seek to vindicate separate constitutional, statutory and common law rights. *Opp*. 6–7. In fact, Plaintiffs insist they "specifically pleaded around" claims predicated on violations of grant assurances because those grievances are presently before the FAA in their Part 16 proceeding. *Opp*. 5.

As a preliminary matter, Plaintiffs do not allege a violation of 49 U.S.C. § 47107, grant assurances or any other provision of federal aviation law in their FAC. This case is thus easily distinguished from those cases where courts disposed of such claims on jurisdictional grounds. *See, e.g.*, *Town of Fairview v. U.S. Dep't of Transp.*, 201 F. Supp. 2d 64, 69-71 (D.D.C. 2002) (dismissing Plaintiff's claims that expressly allege violations of grant assurances); *Ricks v. City of Winona*, 858 F. Supp. 2d 682, 688 (N.D. Miss. 2012) (holding that Plaintiff's § 1983 and state law claims alleging violations of FAA's policies and procedures are preempted). Defendants, however, relentlessly assert that Plaintiffs' claims are grant assurance violations in disguise and then remind the Court, many times over, that it lacks jurisdiction to enforce them. *See Mot*ion 3–4, 6, 11, 14–15, 18–21. This argument is meritless. First, Defendants provide no authority to support their assertion that similar or even identical underlying factual circumstances convert Plaintiffs' federal and state law claims into grant assurance claims, and should thus be removed from the Court's jurisdiction. Indeed, the Court in *Scott Aviation, Inc. v. DuPage Airport Auth*., rejected the argument that claims that touch upon the same facts as those before the FAA had to be brought exclusively in an administrative proceeding. 393 F. Supp. 2d 638, 645 (N.D. Ill. 2005). Moreover, even a cursory examination of both complaints reveal that the rights Plaintiffs seek to vindicate here are not the same as those before the FAA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

The issues before the FAA are solely whether or not (1) the Airport Authority's demand for a higher lease rate constitutes economic discrimination in violation of 49 U.S.C. §§ 47107(a)(1)–(3), (5) and related Grant Assurance 22; (2) whether or not Defendants' lease of Hangar 681 to PART constitutes an impermissible grant of an "Exclusive Right" in violation of 49 U.S.C. §§ 47103(e), 47107(a)(4), and related Grant Assurance 23; and (3) whether or not the Airport Authority is "impermissibly attempting to escalate rental rates . . . for the sole purpose of compensating for the improper diversion of Airport revenues" in violation of 49 U.S.C. §§ 47107(b), 47133(a), 47107(1)(2)(a), and related Grant Assurance 25. *FAA Complaint* ¶ 11(a)–(c). None of these specific issues are raised in Plaintiffs' FAC. Although common facts underlie both actions, the legal issues before the FAA and this Court are far from identical. Plaintiffs' § 1983 claim alleging due process violations and state law claims for interference with prospective business advantage or breach of covenant of good faith and fair dealing do not call for the same determinations as whether or not the Airport Authority violated a narrow provision of 42 U.S.C. § 47107. By claiming that Plaintiffs' claims are synonymous with the specific provisions of § 47107, Defendants oversimplify Plaintiffs' claims and disregard the specific rights under federal and state law that are not implicated in the FAA action.

The FAA may properly decide the matters before it within the scope of its authority and address whether Defendants' conduct violated specific provisions of 49 U.S.C. § 47107 and related grant assurances. A potential FAA ruling in Defendants' favor does not mean that Defendants' conduct does not violate other rules of law, nor do Defendants show that FAA authority exempts Defendants from liability for civil rights and state law violations. *See Scott Aviation, Inc.*, 393 F. Supp. 2d at 645–46 (holding that plaintiff's FAA action for violation of grant assurances did not preempt the district court's jurisdiction over plaintiff's civil rights, anti-trust, and unjust enrichment claims); *see also Gary Jet Ctr. Inc. v. Gary/Chicago Int'l Airport Auth.*, No. 13 CV-0453 JVB, 2014 WL 1329412, at *4–5 (N.D. Ind. Apr. 2, 2014) (holding that FAA's administrative procedure for determining whether an airport sponsor has violated its grant assurances "does not deprive [the] Court of jurisdiction to hear Plaintiff's breach of lease claim," even when the lease was entered into "consistent with and pursuant to the Sponsor's Assurance" under the Federal Airport Act).

Therefore, because Plaintiffs' FAC does not allege violations of grant assurances so as to preempt this Court's jurisdiction over Plaintiffs' claims, Defendants' motion to dismiss is denied to the extent it is based upon the lack of subject matter jurisdiction under Rule 12(b)(1).

  B.  <u>Failure to State a Claim under 12(b)(6)</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

Plaintiffs' first claim, brought against the Airport Authority and City only ("Defendants"), alleges a violation of 42 U.S.C. § 1983 ("§ 1983"). To assert a § 1983 claim against a government entity, Plaintiffs must show that (1) they were deprived of a constitutional right; (2) the government entity has a policy; (3) the policy amounted to a deliberate indifference to Plaintiffs' constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)). "[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). The alleged constitutional violation underlying Plaintiffs' § 1983 claim is the deprivation of substantive and procedural due process under the Fourteenth Amendment. *FAC* ¶ 85. Defendants argue the § 1983 claim is deficient because Plaintiffs have failed to identify a qualifying property interest. *See* Dkt. #70 ("Rep.") 2–3, 5. Defendants are correct.

"The Fourteenth Amendment prohibits states from 'depriv[ing] any person of life, liberty, or property, without due process of law.'" *Newman v. Sathyavaglswaran*, 287 F.3d 786, 789 (9th Cir. 2002) (quoting U.S. Const. amend. XIV, § 1). Thus, "[t]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999); *see Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."); *see also Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1029 (9th Cir. 2010) ("To succeed on a substantive or procedural due process claim, the plaintiffs must first establish that they were deprived of an interest protected by the Due Process Clause.").

"Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Roth*, 408 U.S. at 577. "A property interest does not exist solely because of the importance of the benefit to the recipient." *Kelly Kare, Ltd. v. O'Rourke*, 930 F.2d 170, 175 (2d Cir. 1991). Nor is it sufficient that a person have a "unilateral expectation" of a right. *Roth*, 408 U.S. at 577. "He must, instead, have a legitimate claim of entitlement to it." *Id.*; *accord K.W. v. Armstrong*, 789 F.3d 962, 972 (9th Cir. 2015).

It is undisputed that Plaintiffs' tenancy in Hangar 681 expired on June 30, 2016, pursuant to the express terms of the CTS Sublease. *FAC* ¶ 48. It is further undisputed that Pratt sent Plaintiffs a 30-day notice to vacate Hangar 681 on June 1, 2016. *Id.* Plaintiffs fail to identify any provision in the CTS Sublease, or any "law, rule, or understanding" for that matter, that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

mandates the renewal of the sublease or granting of a new lease of Hangar 681 to Plaintiffs. *United States v. Guillen–Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014) (establishing a protected property interest "typically requires an individual to demonstrate that an existing law, rule, or understanding makes the conferral of a benefit 'mandatory.'"). In fact, Plaintiffs' year-long efforts to secure a new lease, presented in great detail in the FAC, seriously undermine the argument that Plaintiffs had any kind of "legitimate claim of entitlement" to remain in Hanger 681 past June 30, 2016. *Roth*, 408 U.S. at 577.

Plaintiffs, however, allege that they "have an indisputable property interest in their occupancy of Hangar 681, through the express terms of the [Master Lease] and CTS Subleases," and that Defendants trampled on "Plaintiffs' lease rights, including, but not limited to, its right to continue possession on a 'month-to-month tenancy.'" *FAC* ¶ 87. In their supplemental brief on the issue, Plaintiffs' confirm that they rely on the holdover provision in the Master Lease to grant them a constitutionally protected property interest. *See* Dkt. # 75 ("Supplemental Brief") 1. The relevant provision provides as follows:

> "In the event Sublessee, with or without the Sublessor's prior written consent, holds over and continues in possession of the Subleased Premises after the Termination Date of this Sublease, Sublessee's occupancy of the Subleased Premises shall be considered a month-to-month tenancy subject to all the terms and conditions of this Sublease in effect on the day immediately preceding the Termination Date, except that the Monthly Base Rent for any such holdover period shall be increased to one hundred fifty percent (150%) of the Monthly Base Rent."

*See* Dkt. # 1, Ex. B, p. 102 ¶ 9.[1] By exercising their right to hold over, Plaintiffs argue they have a continued right to possession of Hangar 681 pursuant to a month-to-month tenancy that rises to the level of a constitutionally protected property interest. *Supplemental Brief* 1.

While a lease that arises from contract may be "sufficient to invoke the protection of the Due Process clause," *Brecheen v. Lofaro*, 559 F. App'x 723, 730 (10th Cir. 2014), Plaintiffs point to no authority that suggests a month-to-month tenancy created by virtue of holding over without the landlord's consent vests the tenant with a constitutionally protected property interest to remain, potentially indefinitely, in possession of the premises. *See In re Ne. Int'l Airways,*

---

[1] The holdover provision in paragraph 9 of the Master Lease is made applicable to Plaintiffs through paragraph 2 of the CTS Sublease which provides in relevant part: "Except as herein modified or excluded, all of the terms, provisions, covenants and conditions of the Master Lease applicable to the Subleased Premises are made part of this Sublease . . . ." Dkt. # 1, Ex. B, p. 88 ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

*Inc.*, 56 B.R. 247, 250 (S.D. Fla. 1986) (tenant whose holdover created a month-to-month tenancy acquired no property interest in the airport facilities once the original lease between the parties expired; landlord was within its rights to terminate the holdover tenancy and demand that plaintiff vacate the premises). A month-to-month tenancy, whether created by operation of law or, as here, by the parties' agreement, is still subject to the general rule that a landlord may terminate the tenancy under California Civil Code § 1946 by giving a termination notice. Cal. Civ. Code § 1946; *Gallman v. Pierce*, 639 F. Supp. 472, 485 (N.D. Cal. 1986); *People ex rel. Dep't of Transportation v. Lucero*, 114 Cal. App. 3d 166, 170 (1980). Thus, insofar as Plaintiffs' continued occupancy after June 30, 2016 created a month-to-month tenancy, that tenancy was "subject to termination 'by the giving of notice by one party or the other, in the manner prescribed by law.'" *Greenberg v. Koppelow*, 76 Cal. App. 2d 631, 633 (1946). Plaintiffs offer no support for the proposition that the holdover provision entitles them to a potentially indefinite month-to-month tenancy subject only to Plaintiffs' willingness to pay 150% of the Monthly Base Rate, while ignoring the landlord's rights of termination. *Greenberg*, 76 Cal. App. 2d 631 (provision in lease that any holding over after expiration of a term without consent of landlord should be a month-to-month tenancy referred only to a holding over before, and not after, notice of termination of tenancy and commencement of landlords' unlawful detainer suit).

Consequently, Plaintiffs have not shown that the holdover provision provides them with a legitimate expectation that the tenancy would be renewed on a monthly basis so as to grant them a "legitimate claim of entitlement" to remain in possession of the hangar. *Roth*, 408 U.S. at 577. The "mere expectation of renewal of an interest in property is not a property right." *In re Harrell*, 73 F.3d 218, 219 (9th Cir. 1996); s*ee also Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 161 (1980) ("[A] mere unilateral expectation or an abstract need is not a property interest entitled to protection."). Once a leasehold interest has expired, "any expectancy of renewal" the lessee has in that interest "is noncompensable." *Whiteco Industries, Inc. v. City of Tucson*, 168 Ariz. 257, 258–59 (1990) (citing *United States v. Petty Motor Co.*, 327 U.S. 372 (1946)); *see also San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, Inc.*, 73 Cal. App. 4th 517, 531 (1999) ("A hypothetical future lease resting on the 'probability of renewal,' unlike a contractual option to renew an existing lease, is not a compensable property right."). Thus, under a month-to-month lease, because the lessor "has the right to terminate" the lease "on a month's notice," the interest the lessee has in continuing the lease is "a mere unilateral expectation," and therefore "no property interest that entitles the [lessee] to compensation" is created thereby. *Clallam Cty. v. CBS Outdoor, Inc.*, No. 3:13-CV-05782-KLS, 2014 WL 7340994, at *12 (W.D. Wash. Dec. 23, 2014)*.* As the Ninth Circuit has succinctly explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

> "A tenant's right of renewal of a lease refers to a legal right, and this exists only when the lease expressly grants to the tenant the option to renew the lease at the end of its term. A mere expectation, or even probability, that the lease will be renewed based upon past practice and present good relations between landlord and tenant, is not a legal right of renewal. It is nothing more than a speculation on chance."

*In re Harrell*, 73 F.3d at 220 (citation omitted); *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 476 (1973) (a lessee's expectation in continued lease renewals was not a compensable interest); *Clear Channel Outdoor,* 136 Wash. App. at 784 (when lease converted into a periodic tenancy terminable at the option of either party upon 60-days' notice, plaintiff had, at most, a mere unilateral expectation that the lease would continue, rather than a compensable protected property interest) (citation omitted).

Nor is the Court persuaded by Plaintiffs remaining arguments in support of finding a protectable property interest. First, Plaintiffs list a number of additional provisions from the Master Lease and CTS Sublease that allegedly support a constitutionally-protected interest, *see Supplemental Brief* 3–4, but fail to explain how. Merely quoting an assortment of lease provisions and asserting, in conclusory fashion, that they support a due process property interest is far from persuasive. Furthermore, even if holdover provisions are "often used to extend possession at the airport," *see id*. at 4, Plaintiffs do not demonstrate that such possession can extend as long as Plaintiffs are willing to pay rent and in contravention of the landlord's right of termination. Finally, the Court is unpersuaded by Plaintiffs' argument that Defendants' determination that Plaintiffs' "continued possession" would result in monetary damages between the Authority and Pratt somehow vests Plaintiffs with a protectable property interest. *Id*. at 2. By quoting Defendants' assertion to this Court that ". . . [Pratt] will have to pay the holdover rent until ComAv vacates Hangar 681, as it is required to do under its sublease with [Pratt]," Plaintiffs not only undermine any claim that they had a legitimate expectation of remaining in possession of the hangar, but more significantly, fail to explain how conduct that results in third-party money damages supports a property interest worthy of due process protection.

In sum, a property interest that is protectable by the Fourteenth Amendment is not adequately pleaded in either the FAC or in Plaintiffs' briefing. Furthermore, the Court concludes based on these factual circumstances that Plaintiffs could not successfully identify anything more than a "mere unilateral expectation" of obtaining a new lease for Hangar 681, even if given leave to provide additional facts. *Roth*, 408 U.S. at 577. That will not suffice for the type of § 1983 claim they assert. Therefore, the claim is dismissed without leave to amend. *See Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

C. Supplemental Jurisdiction

The dismissal of Plaintiffs' sole claim arising under federal law raises the issue of continuing jurisdiction since there is no longer a federal question apparent from the face of the FAC. The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Id.* However, the Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[S]tate law claims *should* be dismissed if federal claims are dismissed before trial."). The district court's decision to retain jurisdiction is "purely discretionary." *See Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 635 (2009); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Having determined that Plaintiffs' § 1983 claim should be dismissed without leave to amend, all that remains are three state law claims, and requests for declaratory and injunctive relief. *See FAC.* In the absence of a viable federal law claim, state-law issues substantially predominate at this point and the Court declines to exercise supplemental jurisdiction over them. The Court likewise declines to entertain Plaintiffs' claim for declaratory relief as it would call for a needless determination of Plaintiffs' rights under state law. *See Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998) (in determining whether to entertain a suit for declaratory relief, a district court should seek to prevent needless determination of state law issues, duplicative litigation, potential res judicata effects, possible entanglement of the federal and state court systems, and forum shopping by litigants.); *Huth v. Hartford Ins. Co. Of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002) (noting that the "decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court.").

IV. Conclusion

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss Plaintiffs' § 1983 claim WITHOUT LEAVE TO AMEND. Because this is the only claim in the FAC that implicates a federal question, and seeing no grounds for diversity jurisdiction, the Court DECLINES to exercise supplemental jurisdiction over the remaining claims. Plaintiffs' second, third, fourth, fifth and sixth claims are therefore DISMISSED WITHOUT PREJUDICE. Because the Pratt Motion seeks to dismiss the second, third, fourth and fifth claims, the motion is hereby rendered MOOT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-1267 PSG (PLAx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | ComAv, LLC, et al. v. So. California Logistics Airport Authority, *et al.* | | |

**IT IS SO ORDERED.**